IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY BRAY, #B06350, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-00191-JPG |
| ) | |
| RICHARD WATSON, ) | |
| JOHN/JANE DOE 1-3, ) | |
| and ST. CLAIR COUNTY, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jeremy Bray, an inmate in the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at St. Clair County Jail ("Jail"). In the Complaint, Plaintiff claims he was attacked for almost six hours by several inmates at the Jail on March 22, 2019. (Doc. 1, pp. 1-24). As a result, he sustained serious injuries. (*Id*.). He seeks declaratory, monetary, and injunctive relief.[1] (*Id*. at 20-22).

The Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed in favor of the

---

[1] Plaintiff specifically seeks an order prohibiting the defendants from retaliating against him for seeking redress of his grievances. (Doc. 1, p. 20). However, Plaintiff is no longer housed at the Jail, so any injunctive relief against the defendants is considered moot, unless and until he returns to the Jail and faces the same conditions. For this reason, the request for injunctive relief shall be denied without prejudice.

*pro se* plaintiff. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Before the Court screens the Complaint under Section 1915A, however, it must first determinate whether any claims are improperly joined in this action and subject to severance. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## The Complaint

The following allegations are set forth in the Complaint (Doc. 1, pp. 11-18): On or around March 21, 2019, Plaintiff was stopped by St. Clair County officers while driving his vehicle. Unidentified officers pulled him over, broke his car window, extracted him from his vehicle, threw him to the ground, shot him with a taser, and repeatedly jumped on his back. (*Id*. at 11). The officers then hit him repeatedly with an unidentified object. Although Plaintiff was "extremely high" on methamphetamines at the time, he made no attempt to resist the arrest. (*Id*.).

Once at the Jail, Plaintiff was placed in the "drunk tank" where he reportedly did not move for the next day or two. (*Id*.). When he was taken to court on March 22, 2019, Plaintiff shook uncontrollably and suffered shortness of breath. (*Id*.). He returned to the Jail and was housed in "Lower Level B," a dorm-like cell block that held 32 inmates. (*Id*. at 12). The housing unit was equipped with security cameras that are monitored by an officer who sits outside the unit. (*Id*. at 13). Each cell block also contains an electrical board that is activated when officers tour the facility—generally, every twenty minutes.

Soon after transferring into Lower Level B, inmates began questioning Plaintiff about his possession of drugs, which they were told he swallowed. (*Id*.). The inmates demanded that he vomit up the drugs. When he was unable to do so, the inmates shoved their fingers and pencils down his throat. They beat and choked him until he lost consciousness. Plaintiff attempted to press the panic button, but his attackers stopped him from doing so. They instead dragged him to

the bathroom and kicked him in the stomach and groin in an attempt to make him defecate. (*Id*. at 14). When that did not work, they stabbed him. He lost consciousness. The assault lasted for six hours. (*Id*.).

Officer Knyff later found Plaintiff bloody and unconscious. Around 8:53 a.m. on March 23, 2019, Officers Brown and Liebig transported him to Memorial Hospital for treatment. He required seven sutures to close his wound(s). When he returned to the Jail, Plaintiff was housed in the infirmary for a week. During this time, Sergeant Bunyak interviewed him about the attack. The sergeant told Plaintiff that he reviewed video footage of the incident and admitted that it was the "longest six hours he had ever seen anyone go through." (*Id*.). There is no record of disciplinary action or charges against the inmates who attacked him. (*Id*. at 15).

Once Plaintiff regained mobility and the ability to use the restroom, he was transferred from the infirmary into a 6' x 10' interrogation room. He remained there for the next two days. Plaintiff was given a Styrofoam cup for urination. He was required to sleep on a mattress on the floor. He was also forced to defecate and eat on the floor. This was purportedly done to recover drugs from his feces, but no drugs were ever recovered. Plaintiff continues to suffer from lingering pain, shoulder injuries, and psychological trauma as a result of his attack. (*Id*.).

## Discussion

Based on these allegations, the Court finds it convenient to designate the following enumerated counts in the *pro se* Complaint:

**Count 1:** St. Clair County officers violated Plaintiff's constitutional rights in connection with his stop and arrest on or around March 21, 2019.

**Count 2:** Sheriff Watson failed to train the Jail's staff or enforce policies aimed at ensuring the health, safety, and security of inmates at the Jail on or around March 21-23, 2019.

| | |
|---|---|
| **Count 3:** | Jane/John Doe 1 failed to train the Jail's staff or enforce policies aimed at ensuring the health, safety, and security of inmates at the Jail on or around March 21-23, 2019. |
| **Count 4:** | Jane/John Doe 2 failed to monitor video equipment necessary to prevent, detect, or halt the attack on Plaintiff by other inmates that occurred in Lower Level B on or around March 22, 2019. |
| **Count 5**: | Jane/John Doe 3 either failed to tour Lower Level B to make regular safety checks on inmates or failed to intervene in the ongoing attack of Plaintiff that occurred in Lower Level B on or around March 22, 2019. |
| **Count 6:** | St. Clair County failed to institute or enforce sufficient policies, rules, regulations, and training necessary to ensure the health, safety, and security of inmates at the Jail on or around March 21-23, 2019. |
| **Count 7:** | Defendants subjected Plaintiff to unconstitutional conditions of confinement by housing him in a small interrogation room and forcing him to urinate in a cup, defecate on the floor, sleep on the floor, and eat off of the floor for approximately two days in late March 2019. |

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Officers Knyff, Brown, Liebig, and Bunyak

The following individuals are mentioned in the statement of claim but are not listed as defendants in the Complaint: Officer Knyff, Officer Brown, Officer Liebig, and Sergeant Bunyak. Because Plaintiff did not name them as defendants, these individuals are not considered parties to this action. *Cash v. Marion County Jail*, 211 F. App'x 486, 488 (7th Cir. 2006) ("[E]ven a pro se prisoner's complaint must comply with FED. R. CIV. P. 10(a) and include the names of all parties in the title of the action."). All claims against these individuals are considered dismissed without prejudice.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

4

**Count 1**

Count 1 involves a distinct group of defendants, a separate occurrence, different facts, and different legal theories than the other claims. *See* FED. R. CIV. P. 18, 20(a)(2). District courts apply Rules 18, 20, and 21 of the Federal Rules of Civil Procedure to prevent improperly joined parties and/or claims from proceeding together in the same suit. *George*, 507 F.3d at 607. Under Rule 21 of the Federal Rules of Civil Procedure, district courts have broad discretion when deciding whether to sever claims or dismiss improperly joined defendants. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). The Court will exercise its discretion here and sever Count 1 against St. Clair County officials into a new suit. Plaintiff will have an opportunity to decide whether he wishes to pursue his claim(s) in the newly-severed case. If he chooses to proceed, Plaintiff will be responsible for paying the additional filing fee for the newly-severed case and may also receive a "strike" if it is dismissed for one of the reasons stated in 28 U.S.C. § 1915(g). If he chooses not to proceed, Plaintiff must advise the Court of his decision in a timely manner, or he will be responsible for paying the filing fee for said action(s).

**Counts 2, 3, and 6**

In Counts 2, 3, and 6, Plaintiff seeks to bring claims against the sheriffs and county for failing to train the Jail's staff or enforce unspecified policies aimed at ensuring the health, safety, and security of inmates at the Jail. Plaintiff does not identify what policies and training were necessary to prevent the violation of his constitutional rights, and the Court will not guess. The allegations offered in support of all three claims are too vague to articulate a plausible claim against these defendants at screening. *See* FED. R. CIV. P. 8; *Twombly*, 550 U.S. at 570. Accordingly, Counts 2, 3, and 6 shall be dismissed without prejudice for failure to state a claim.

**Counts 4 and 5**

Plaintiff specifically asserts a claim against Jane/John Doe 2 in Count 4 and against Jane/John Doe 3 in Count 5 for subjecting him to unsafe conditions at the Jail that resulted in his six-hour attack by fellow inmates in Lower Level B on or around March 22, 2019. A government official may be liable for a constitutional violation where: (a) the official had reason to know that the person's rights were being violated; and (b) the officer could have realistically intervened to stop the person's rights from being violated and did not. *Gill v. City of Milwaukee*, 850 F.3d 335, 341 (7th Cir. 2017); *Chavez v. Ill. State Police*, 251 F.3d 612, 652 (7th Cir. 2001); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).

Although it is unclear whether the right at issue implicated the Fourteenth Amendment Due Process Clause (applicable to a pretrial detainee) or Eighth Amendment Cruel and Unusual Punishment Clause (applicable to a convicted prisoner), it is clear that Plaintiff had a right to be free from violence at the hands of other inmates and officials, and jail officials had a duty to protect him from this violence. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 668-69 (7th Cir. 2012) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). *See also Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015). It is also well-settled that an official may incur liability for failing to protect an inmate when the official knows of substantial risk of serious injury to an inmate and fails to take appropriate steps to protect him from a known danger. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d at 669 (citing *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007) (quoting *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002); *Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir. 2010)).

The allegations suggest that Jane/John Doe 2 failed to protect Plaintiff from an obvious risk of attack by fellow inmates when she/he failed to monitor security cameras (or take action in

response to what was recorded) during the six-hour attack of Plaintiff on March 22, 2019, so Count 4 shall proceed against this defendant. The allegations also suggest that Jane/John Doe 3 failed to protect Plaintiff from the same risk when she/he did not conduct regular cell checks or intervene to stop the ongoing assault on or around March 22, 2019, so Count 5 survives screening under Section 1915A against Jane/John Doe 3.

### Count 7

Plaintiff names no particular defendant in connection with a claim for unconstitutional conditions of confinement stemming from his placement in the Jail's interrogation room for two days in late March 2019. Section 1983 liability hinges on personal involvement or participation in a constitutional deprivation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Because Plaintiff names no individual in connection with this claim, Count 7 shall be dismissed without prejudice.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Count 4 against Jane/John Doe 2 and Count 5 against Jane/John Doe 3. However, he must identify these unknown defendants with particularity before service of the Complaint can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of these individuals. *Rodriguez*, 577 F.3d at 832. Richard Watson (official capacity only) is responsible for responding to discovery aimed at identifying these unknown defendants. Once their names are discovered, Plaintiff must file a motion to substitute each newly-identified defendant in place of the unknown defendants.

### Pending Motion

The Motion for Recruitment of Counsel (Doc. 3) is **DENIED**. The Court has discretion to recruit counsel for an indigent *pro se* litigant who meets certain criteria. 28 U.S.C. § 1915(e).

Plaintiff is not indigent. (*See* Docs. 2 and 6). His motion for leave to proceed *in forma pauperis* was denied, and he remitted payment of the full filing fee. (*Id*.). He does not qualify for court-recruited counsel under the circumstances.

## Disposition

**IT IS ORDERED** that **COUNT 1** is **SEVERED** into a separate suit, and the Clerk's Office is **DIRECTED** to **ADD** Defendant **ST. CLAIR COUNTY UNKNOWN OFFICERS** as a defendant in connection with the newly-severed case, as follows: **COUNT 1** against **ST. CLAIR COUNTY UNKNOWN OFFICERS**.

The Clerk is **DIRECTED** to file the following documents in the newly-severed case:

1) The Complaint (Doc. 1);
2) Motion for Leave to Proceed *in forma pauperis* (Doc. 2);
3) This Memorandum and Order Severing Case.

The **only claims remaining in this action** are **COUNT 2, 3, 4, 5, 6,** and **7.**

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening, as follows: **COUNT 4** will receive further review against **JANE/JOHN DOE 2 (individual capacity only)**, once identified, and **COUNT 5** will proceed against **JANE/JOHN DOE 3 (individual capacity only)**, once identified. Defendant **RICHARD WATSON (official capacity only)** shall remain named as a defendant for the sole purpose of identifying the unknown defendants, and he need only file a notice of appearance in this matter in lieu of any other response or answer to the Complaint.

**IT IS ORDERED** that **COUNT 2, 3, 6,** and **7** are **DISMISSED** without prejudice for failure to state a claim for relief.

**IT IS ORDERED** that Defendants **RICHARD WATSON (individual capacity), JANE/JOHN DOE 1 (individual capacity),** and **ST. CLAIR COUNTY** are **DISMISSED** without prejudice. **The Clerk's Office is DIRECTED to TERMINATE these defendants as**

**parties on the docket sheet in CM/ECF.  Because this suit addresses one or more medical claims, the Clerk of Court is also DIRECTED to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that Plaintiff's request for injunctive relief in the Complaint (Doc. 1, p. 20) is **DENIED** without prejudice.

The Clerk of Court shall prepare for **RICAHRD WATSON (official capacity only)**, and, once identified, **JANE/JOHN DOE 2** and **C/O JANE/JOHN DOE 3**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment.  If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on **JANE/JOHNE DOE 2** and **3** until Plaintiff has identified these individuals by name in a properly filed motion for substitution of parties.  Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address of these individuals, and he is **WARNED** that failure to do so may result in their dismissal from this action.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only

by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 5/13/2021**

s/ J. Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your First Amended Complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.